## Farquhar's Estate.

*Executors and administrators—Accounts of proceeds of realty—Power to sell—Practice, O. C.*

An account which includes only moneys arising from the sale of real estate filed by an administrator *d. b. n. c. t. a.* must show how the accountant became administrator, and by what authority he sold the land for the proceeds of which he is accounting.

Audit. O. C. Schuylkill Co., March T., 1924, No. 14.

*W. M. Fausset*, for accountant.

WILHELM, P. J., April 28, 1924.—From the evidence we find the following facts:

Although this account was regularly called for audit, it should not be confirmed for the following reasons:

1. It appears that George W. Farquhar died in the year 1846, and the accountant is administrator *d. b. n. c. t. a.* of his estate. This account includes only moneys arising from the sale of real estate. The manner in which this money came into the hands of the administrator *d. b. n. c. t. a.* has not been revealed.

2. It has not been shown by what authority, after a lapse of about seventy-eight years, the Schuylkill Trust Company became administrator.

3. The nature of the proceeding by which the administrator obtained authority to sell the real estate is not stated; that is, whether for the payment of debts or as trustee in partition for the sale of real estate or otherwise.

The only papers presented at the time of the audit are the account, which simply shows that the money included in the account arose from the sale of real estate, to which is attached a list of heirs, which is defective, in that it leaves the relationship of some of the heirs to George W. Farquhar to be gathered from inference rather than statement of fact, and copies of the wills of George W. Farquhar and Beatrice Farquhar Garton.

### Farquhar's Estate.

If an administrator makes sale of real estate in pursuance of an order of court, ordinarily such a fact should be made part of the record at the audit. Considering the lapse of seventy-eight years since the death of the testator, if an order of court was obtained in this estate for the sale of real estate, it is an extraordinary and unusual proceeding, and there was imposed upon the accountant a higher duty to place upon this record in detail the proceeding by which the sale was made. In fine, there is lack of preparation here which results in delay in the adjudication of this estate.

It is the duty of a fiduciary who has filed his account which comes before the court for audit and distribution, particularly in the case of a sale of real estate, to place upon the record at the time of the audit every essential fact to show that he had authority to make the sale, because it has been discovered , that accountants have made sale of real estate without authority in law, or by virtue of the will or order of court. It follows, therefore, accounts containing the proceeds of the sale of real estate should not be confirmed unless the authority herefor is affirmatively shown.

And now, April 28, 1924, confirmation of the account is refused.

From M. M. Burke, Shenandoah, Pa.